**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1750-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

LANCE BOONE,

    Defendant-Appellant.

_____

> Argued February 25, 2025 – Decided April 25, 2025
>
> Before Judges Perez Friscia and Bergman.
>
> On appeal from Superior Court of New Jersey, Law Division, Essex County, Indictment No. 21-05-0797.
>
> John P. Flynn, Assistant Deputy Public Defender, argued the cause for appellant (Jennifer Nicole Sellitti, Public Defender, attorney; John P. Flynn, of counsel and on the briefs).
>
> Hannah Faye Kurt, Assistant Prosecutor, argued the cause for respondent (Theodore N. Stephens II, Essex County Prosecutor, attorney; Hannah Faye Kurt, of counsel and on the brief).

PER CURIAM

On May 18, 2021 an Essex County grand jury returned an indictment charging defendant Lance Boone with first-degree murder, N.J.S.A. 2C:11-3(a)(1), (a)(2); fourth-degree unlawful possession of a knife, N.J.S.A. 2C:39-5(d); and third-degree possession of a knife with the purpose to use it unlawfully, N.J.SA. 2C:39-4(d).

The jury acquitted defendant of murder but convicted him of aggravated manslaughter, N.J.S.A. 2C:11-4, as a lesser-included offense to the first-degree murder charge, fourth-degree unlawful possession of a knife, and third-degree possession of a knife with the purpose to use it unlawfully. The court sentenced defendant to sixteen years subject to the No Early Release Act, N.J.S.A. 2C:43-7.2, for aggravated manslaughter, imposed a concurrent eighteen-month term for fourth-degree unlawful possession of a knife, and merged the third-degree possession of a knife with the purpose to use it unlawfully into the aggravated manslaughter conviction.

On the appeal, defendant raises the following:

> POINT I
>
> REVERSAL IS REQUIRED BECAUSE THE PROSECUTOR MISCHARACTERIZED BOONE'S TESTIMONY AND UNFAIRLY INSINUATED THAT HE HAD PREVIOUSLY STABBED PEOPLE.

A-1750-23

POINT II

THE TRIAL COURT'S REFUSAL TO INSTRUCT
THE JURY THAT BOONE HAD A RIGHT TO
POSSESS A KNIFE IN ANTICIPATION OF SELF
DEFENSE VIOLATED THE SECOND
AMENDMENT AND REQUIRES REVERSAL OF
ALL THE CONVICTIONS.

> A. The trial court violated the Second
> Amendment by failing to instruct the jury that
> Boone had a right to possess a knife in
> anticipation of self-defense.

> B. Because the State cannot establish beyond a
> reasonable doubt that this constitutional error did
> not impact the jury's verdict, all the convictions
> must be reversed.

POINT III

BECAUSE THE STATE FAILED TO PROVIDE AN
EXPERT REPORT OR PRETRIAL NOTICE ABOUT
THE WINDOWS MAGNIFIER APPLICATION, THE
TRIAL COURT SHOULD HAVE PRECLUDED THE
STATE FROM USING THE APPLICATION.

> A. The N.J.R.E. 104 Hearing and the Trial
> Court's Ruling.
> B. Because expert testimony was required to
> establish a proper foundation as to the reliability
> of the Windows Magnifier application, the trial
> court should have barred the State from using the
> application at trial as a result of its violation of
> the discovery rules.
> C. Even if expert testimony was not required to
> use the application, Boone was entitled to receive

3

pretrial notice and access to the application under Rule 3:13 3(b)(1)(E).

POINT IV

THE CUMULATIVE EFFECT OF THE ERRORS REQUIRES REVERSAL.

POINT V

RESENTENCING IS REQUIRED BECAUSE THE TRIAL COURT ERRED IN ITS ANALYSIS OF SEVERAL MITIGATING AND AGGRAVATING FACTORS.

Defendant has passed while this appeal was pending. Nonetheless, defendant's counsel requests that we decide the appeal because Point II of defendant's brief presents an issue of significant public importance that is likely to recur. He contends

> [w]hen a defendant claims he possessed a knife in public in anticipation of self-defense and possible confrontation, the jury must be instructed that he could lawfully possess a knife in public in anticipation of self-defense and that "possessing a weapon to protect oneself would NOT be circumstances manifestly inappropriate for lawful use." The trial court violated the Second Amendment by refusing to provide this requested supplemental instruction under the circumstances of this case. (emphasis included).

We decline defendant's invitation to address this issue and dismiss the appeal as moot because of defendant's passing. We conclude the issues

4

presented on appeal are not novel and do not present an important public interest issue.

In State v. Gartland, the Supreme Court emphasized that "[t]he power to entertain a criminal appeal even after death should be sparingly exercised." 149 N.J. 456, 465 (1997). Our courts may decide issues after the death of a party if it raises an issue "of significant public importance [that] is likely to recur." State v. Cassidy, 235 N.J. 482, 491 (2018) (quoting State v. Gartland, 149 N.J. 456, 464 (1997)). The Court also indicated that where a defendant has passed pending appeal, a conviction should not be overturned unless there was "a fundamental miscarriage of justice" in the form of trial errors so fundamental that they "cut mortally" into a defendant's right to a fair trial. Gartland, 149 N.J. at 465.

In this case, defendant's counsel contends that the trial court violated the defendant's rights under the Second Amendment of the United States Constitution by failing to instruct the jury that defendant had a right to possess a knife in anticipation of self-defense. Defendant further contends because the State cannot establish beyond a reasonable doubt that this constitutional error did not impact the jury's verdict, all the convictions must be reversed. We are unpersuaded.

A-1750-23

We determine this appeal raises no novel legal issue or any other issue of significant public importance. We conclude the failure to provide a specifically tailored instruction as argued by defendant did not "cut mortally" into defendant's right to a fair trial resulting in a fundamental miscarriage of justice. Upon our review of the record, we note that the jury was instructed on self-defense twice, and we must view a jury charge as a whole to understand its overall effect. State v. McKinney, 223 N.J. 475, 494 (2015) quoting State v. Jordan, 147 N.J. 409, 422 (1997). Under these circumstances, we determine defendant's contentions lack merit.

Dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

6

A-1750-23